Law Office of Shmuel Klein, PC
113 Cedarhill Ave.
Mahwah, NJ 07430
(201) 529-3411

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
----------------------------------------x
GERALDINE COLEMAN
        Plaintiff,                        COMPLAINT FOR VIOLATION
vs.                                     Truth in Lending Act

CashCall Inc., Defendant           Plaintiff Demands a Trial by Jury
----------------------------------------x

## INTRODUCTION

1.      Plaintiff, Geraldine Coleman, by and through her attorney, Law Office of Shmuel Klein PC, files a complaint against defendant, CashCall Inc. This is an action for reimbursement of monetary loss and declaratory relief by an individual consumer for Defendant's violations of the Truth in Lending Act, (TILA) the New Jersey Consumer Fraud Act, Usury, common law fraud, and infliction of emotional distress.

## JURISDICTION AND VENUE

2.      Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of Federal Law. It is alleged in detail below that the defendant violated the provisions of the TILA.  Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. 1367. Venue in this District is proper in that Defendants transact business and have offices in this District.

1

## PARTIES

3.      Plaintiff, Geraldine Coleman, is a natural person residing at 641 Lincoln Ave Apt # 25 Orange, NJ 07050.

4.      Defendant, CashCall Inc, P O Box 66007 Anaheim, CA 92816 is a lender as defined by the Truth in Lending Act.

## FACTUAL ALLEGATIONS

5.      On November 23, 2006 Plaintiff entered a loan agreement with Defendant for the amount of $2600.00. The transaction took place over the telephone and Plaintiff was not told the interest rate or given any disclosures even when she asked. The Plaintiff was told her monthly payment would be $265.00 per month.  She believed that her interest rate was minimal and that she would repay the debt in a short period of time. On November 24, 2006 Plaintiff received $2600.00 via direct deposit to her personal bank account.

6.      In January of 2007 Plaintiff received a bill showing her interest rate to be 96%. Plaintiff was shocked at this high interest rate had she known she would not have entered into this transaction.

7.     Plaintiff called Defendant to lower her interest rate but Defendant refused to modify the loan. Plaintiff paid over $200 per month from 1/12/07-1/22/09. Plaintiff incurred $15.00 in late fees. The total amount that the Plaintiff paid in these months totaled $5628.63 for a $2600.00 loan.

8. On January 22, 2009 Plaintiff called the State of New Jersey Department of Banking and Insurance and was advised by Mr. Connie L. Ferrigno, Chief of Investigations of Consumer Services Bureau, to stop payment immediately. Plaintiff stopped making payment.

9. On June 3, 2009 Plaintiff received a letter from Defendant requesting payment. Plaintiff disregarded the letter.

10. During the month of June, 2009, Plaintiff received numerous phone calls regarding payment from Defendant. One June 9, 2009 Plaintiff received six phone calls from Defendant.

11. Plaintiff refused to pay and told them to stop harassing her as the entire transaction has upset her deeply and caused much anxiety and sleepless nights.

### FIRST CLAIM: VIOLATION OF THE TRUTH IN LENDING ACT

12. The allegations of paragraphs 1-11 in this pleading are incorporated as if fully rewritten herein.

13. Defendant violated the Truth in Lending Act (TILA), Title I of the Consumer Credit Protection Act also known as Regulation Z, Section 226.4(b) wherein the finance charge was not disclosed to the Plaintiff.

14. Defendants violated the Truth in Lending Act Sections 226.18(d) and 226.23(h) wherein the finance charge was greater than the amount regulated by the law.

15. As a result Plaintiff suffered monetary loss.

16. Plaintiff has suffered damages.

### SECOND CLAIM: VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT

17. Plaintiff hereby incorporates the allegations set forth in paragraphs 1-16 as if fully rewritten herein.

18. Defendant violated New Jersey Consumer Fraud Act. Defendant misrepresented the terms of the transaction. Plaintiff relied on these misrepresentations to her detriment.

3

19.     As a result of Defendant's violation of the NJ Consumer Fraud Act, Plaintiff has suffered damages.

20.     Plaintiff seeks to recover actual, statutory and punitive damages, costs and attorney fees for Defendants violation of the NJ Consumer Fraud Act, pursuant to N.J.S.A 2A:32-1.

21.     As alleged therein, Defendants have engaged in unfair and deceptive trade and business practices and are liable unto Plaintiff under state laws for those violations.

### THIRD CLAIM: VIOLATIONS OF USURY

22.     The allegations of paragraphs 1-21 in this pleading are incorporated as if fully rewritten herein.

23.     As a direct and proximate result thereof, Plaintiff was injured, continues to suffer such injury and may continue to suffer such injury in the future.

24.     Defendant violated the New Jersey Usury Laws where Plaintiff was charged more than 30% of the loan.

25.     This loan is considered loan sharking where Plaintiff was charged more than double the amount of interest that the New Jersey Usury Laws allows.

26.     As a result therein, Plaintiff has suffered monetary damages and rescind and cancel the transaction and recover all moneys paid to Defendant.

### FOURTH CLAIM: INFLICTION OF EMOTIONAL DISTRESS

27.     The allegation of paragraphs 1-26 in this pleading are incorporated as if fully rewritten herein.

28. As a result of Defendant's deliberate acts of fraud as well as harassment as described above resulted in severe infliction of emotional distress caused to Plaintiff by Defendant.

## ADDITIONAL CLAIMS

29. The allegations paragraphs 1-28 in this pleading are incorporated as if fully rewritten herein.

30. The above and foregoing actions, inactions and fault of Defendant, as to each and every count, have caused damages to Plaintiff.

31.. Defendants are liable unto Plaintiff for all actual, statutory and exemplary damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, bank fees, pain and suffering, embarrassment, inconvenience, loss of incidental time, frustration, emotional distress, mental anguish, anxiety, depression, stress, fear of personal and financial safety and security, attorney fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

A. Declare and adjudge that by the aforesaid acts constitute violations of TILA and Consumer Protection Laws;
B. Grant Plaintiff compensatory damages in the amount equal to all money paid;
C. Grant Plaintiff punitive damages;
D. Injunctive relief;

E. Statutory damages, where applicable;

F. Costs and reasonable attorney fees;

G. Cancel and rescind the transaction; and

H. For such other and further relief as may be just and proper.

## **PLAINTIFF DEMANDS A TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues and all claims.

DATED: June 12, 2009,
    Mahwah, NJ                 _____/s/_____
                                       Shmuel Klein (SK 7212)

Law Office of Shmuel Klein, PC
113 Cedarhill Ave.
Mahwah, NJ 07430
(201) 529-3411

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------x
Geraldine Coleman
Plaintiff
vs.                                                                    Rule 7.1 Statement

Cashcall LLC.
---------------------------------------x


Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local
General Rule 1.9] and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for GERALDINE COLEMAN (a private non-governmental party) certifies that the following are corporate parents, affiliates and/or subsidiaries of said party, which are publicly held:
N/A

Dated: Mahwah, New Jersey
January 20, 2009                                          _____/s/_____
                                                                        Shmuel Klein (SK 7212)