NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GERALDINE COLEMAN, | : <br> : <br> : Hon. Stanley R. Chesler, U.S.D.J. <br> : Civ. A. No. 09-CV-2942 |
| Plaintiff, | : |
|  | :  **OPINION** |
| v. | : |
| CASHCALL INC., , | : |
| Defendant. | : |

**CHESLER, District Judge**

This matter comes before the Court upon the motion to reconsider the Order of arbitration filed by Plaintiff Geraldine Coleman [docket item #10]. Defendant has opposed this motion [docket item #11]. After consideration of the parties' briefing, the Court has determined that it will deny the motion for reconsideration. In the following discussion, the Court gives its reasons for the decision.

**FACTUAL BACKGROUND**

On June 17, 2009, Plaintiff filed this action against Defendant CashCall, Inc. On November 24, 2006, First Bank & Trust, N.A. approved a loan application submitted by Plaintiff through CashCall, Inc. Plaintiff repaid a portion of the loan amount and eventually the loan went into default. Plaintiff sought to uphold her rights to the loan and filed the instant action. Subsequently, Defendant moved to stay the litigation and compel arbitration. No opposition was filed and the Court granted the motion to compel

arbitration on October 6, 2009.  Approximately ten weeks later, Plaintiff asked the Court to reconsider its Order compelling arbitration.

## MOTION FOR RECONSIDERATION

Plaintiff has moved under Fed. R. Civ. P. 60(b), which provides, in relevant part, that a "court may relieve a party or its legal representative from a final judgment, order or proceeding" by demonstrating:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, reversed, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Relatedly, Local Civil Rule 7.1(I) creates a procedure by which a court may reconsider its decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision.  See Bryan v. Shah, 351 F.Supp.2d 295, 297 (D.N.J. 2005); Bowers v. Nat'l Collegiate Athletic Assoc., 130 F.Supp.2d 610, 612 (D.N.J. 2001).  Rule 7.1(I) does not contemplate a recapitulation of arguments considered by the court before rendering its decision.  See Bermingham v. Sony Corp. of Am., Inc., 820 F.Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); Carteret Sav. Bank, F.A. v. Shushan, 721 F.Supp. 705, 709 (D.N.J. 1989).  Our jurisprudence directs that a motion under Rule 7.1(I) may be granted only if: (1) "an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice."  Database Am., Inc. v. Bellsouth Advert. & Publ'g Corp., 825

F.Supp. 1216, 1220 (D.N.J. 1993); North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir 1995).  Local Civil Rule 7.1(I) states that a motion for "reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge."

## ANALYSIS

Plaintiff filed the instant motion pursuant to Fed. R. Civ. P. 60(b) which provides, in relevant part, that a "court may relieve a party or its legal representative from a *final* judgment, order or proceeding."  (emphasis added).  As an initial matter, it is doubtful that an Order compelling arbitration is a final judgment appropriate for reconsideration. Alcoa v. Beazer, 124 F.3d 551, 562 (3rd Cir. 1997) ("an order granting or denying a motion to compel arbitration is a final decision only if such an order was the full relief the parties sought.") As arbitration is not the full relief requested, the instant motion appears to be improper under Fed. R. Civ. P. 60(b).  Even if the instant motion was a procedurally proper Rule 60(b) motion, Plaintiff has failed to demonstrate that relief is appropriate under Rule 60(b).  The Court will, however, entertain Plaintiff's motion pursuant to Local Civil Rule 7.1(I), which states that a motion for "reconsideration shall be served and filed within 10 business days after the entry of the order or judgment."  The initial Order was entered on October 6, 2009, while the motion for reconsideration was not filed until December 22, 2009.  Clearly, the 10 business days had expired before the time of filing.

In addition to, and more important than, the procedural deficiencies, there is no substantive merit to Plaintiff's application.  Plaintiff's motion is supported by submissions that the National Arbitration Forum ("NAF") has been the subject of litigation and consent orders dealing with consumer arbitrations.  Nothing, however,

indicates that the NAF is the arbitrator in this case.  Rather, the arbitrator is the American Arbitration Association ("AAA").  While Plaintiff seems to assert "that [the AAA] will no longer handle consumer initiated consumer arbitrations," the website of the AAA states that it "will continue to administer all demands for arbitration filed by consumers against businesses . . ."  (Opp. Ex. 1) If for any reason the AAA should refuse to hear this matter, the Court, at that time, will entertain motions based upon sufficient factual assertions.  In short, Plaintiff has failed to demonstrate a basis for reconsideration and the application is denied.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion for reconsideration. An appropriate form of order will be filed together with this Opinion.

   s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.

Dated: February 17, 2010